UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KYLE LOCKHART,                  CASE NO.:

    Plaintiff,

v.

HERITAGE BAY GOLF & COUNTRY CLUB, INC.,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLRATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, KYLE LOCKHART ("Mr. Lockhart" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for interference and retaliation pursuant to the extended benefits provided by the Families First Coronavirus Response Act ("FFCRA") seeking recovery from HERITAGE BAY GOLF & COUNTRY CLUB, INC, ("Heritage Bay" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA/FFCRA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Collier County, Florida.

3. Defendant is a Florida Corporation that is located and does business in Collier County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Collier County, Florida, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250

hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

7. At all times relevant hereto, Defendant employed fewer than 500 employees.

## FACTUAL ALLEGATIONS

8. Mr. Lockhart worked for Heritage as a Facilities Maintenance Engineer from February 25, 2015, until his termination on August 7, 2020.

9. During his lengthy tenure, Mr. Lockhart was an excellent employee, with no significant history of performance, attendance, or disciplinary issues.

10. In fact, Mr. Lockhart worked without issue until the COVID-19 pandemic struck and he began to show symptoms commonly associated with the disease.

11. Accordingly, in June 2020, a fellow Heritage co-worker tested positive for COVID-19.

12. Subsequently, Mr. Lockhart took a test himself, which was revealed to be negative.

13. Unfortunately, a several weeks later, Mr. Lockhart began suffering from a lingering cough, and on July 20, 2020, while working his scheduled shift, he lost his sense of smell.

14. Recognizing that this was a tell-tale sign of the deadly coronavirus, Mr. Lockhart disclosed his symptoms to Club Manager, "Matt," and left to take a same-day COVID-19 test.

15. Unfortunately, later that day, the testing lab informed Mr. Lockhart that his results were positive, which he subsequently submitted to Heritage management.

16. Due to COVID-19's incubation period, Heritage management requested that Mr. Lockhart provide two negative coronavirus tests in order to ascertain his negative status before he could return to work.

17. Mr. Lockhart timely notified Heritage managers of qualifying reasons for leave pursuant the Family First Corona Relief Act ("FFCRA").

18. Specifically, Mr. Lockhart was subject to quarantine or isolation for testing positive with COVID-19, and for experiencing COVID-19 symptoms and having to seek a medical diagnosis.

19. As a result, Mr. Lockhart should have been placed on approved FMLA/FFCRA leave and have been paid at his regular rate, up to $511 per day and $5,110 in the aggregate of a two-week period.

20. Despite this, Heritage neglected to advise Mr. Lockhart of his rights under FMLA, his extended benefits under the FFCRA, and failed to provide him with FMLA documentation to protect his absence at that time, or continued anticipated absences, thereafter.

21. On August 6, 2020, Mr. Lockhart received his second negative COVID-19 test, and he immediately informed Matt of same.

22. Hearing this, Matt advised our client to arrive on the following morning and provide the negative test results.

23. When Mr. Lockhart arrived, however, he was greeted by Matt, and brought into a meeting along with Matt and Head of Security, Gregg Gaffney ("Mr. Gaffney"), where the former fired Mr. Lockhart, effective immediately.

24. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA/FFCRA interference and retaliation.

25. Defendant's conduct constitutes intentional interference and retaliation under the FMLA/FFCRA.

26. The timing of Plaintiff's use of what should have been protected FMLA/FFCRA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

27. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of protected FMLA/FFCRA leave.

28. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

29. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

30. Division E of the FFCRA, "The Emergency Paid Sick Leave Act" (EPSLA), entitles certain employees to take up to two weeks of paid sick leave. Division C of the FFCRA, "The Emergency Family and Medical Leave Expansion Act" (EFMLEA), which amends Title I of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. (FMLA), permits certain employees to take up to twelve weeks of expanded family and medical leave, ten of which are paid, for specified reasons related to COVID-19.

31. The FFCRA Act provides up to an additional 10 weeks of paid expanded family and medical leave at two-thirds the employee's regular rate of pay where an employee, who has been employed for at least 30 calendar days, is unable to work due to a bona fide need for leave for reasons related to COVID-19.

32. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA/FFCRA

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA/FFCRA.

35. At all times relevant hereto, Plaintiff was protected from interference under the FMLA/FFCRA.

36. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA/FFCRA rights by failing to restore him to the same or an equivalent position upon his return from FMLA/FFCRA leave.

37. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff attempts to exercise his rights pursuant to the FMLA/FFCRA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FMLA/FFCRA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA/FFCRA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

40. At all times relevant hereto, Plaintiff was protected by the FMLA/FFCRA.

41. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA/FFCRA.

42. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA/FFCRA-protected leave.

43. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of what should have been FMLA/FFCRA leave and his termination.

44. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA/FFCRA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violations of the FMLA/FFCRA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 3rd day of August 2022.

        Respectfully Submitted,

        **/s/ Noah E. Storch**
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:   (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*